UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-389-FDW

| FERRANTE VERMOND PERRY, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| ERIK A. HOOKS,[1] | ) |  |
|  | ) |  |
| Respondents. | ) |  |

**THIS MATTER** is before the Court upon initial review of Petitioner Ferrante Vermond Perry's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Also before the Court is Petitioner's Application to Proceed in District Court without Prepaying Fees or Costs. (Doc. No. 2.)

Petitioner is a prisoner of the State of North Carolina who was convicted in Mecklenburg County Superior Court of possession of cocaine and attaining the status of habitual felon. (Pet. 1, Doc. No. 1.) He was sentenced to a minimum term of 48 months and a maximum term of 72 months in prison. (Pet. 1.) Judgment was entered on May 8, 2017. (Pet. 1.) For the reasons that follow, the Petition shall be dismissed without prejudice.

**I.     RULE 2(c)**

Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a Petition for Writ of Habeas Corpus name the person who has immediate custody of the petitioner as the respondent in the action. Id., 28 U.S.C. folio § 2254. Petitioner currently is housed at Craven Correctional Institution. Therefore, consistent with Rule 2(a), Erik A. Hooks, Secretary of the Department of Public Safety, is substituted for "Mecklenburg County" as Respondent in this action.

1

Courts requires that a Petition for Writ of Habeas Corpus be "signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." The instant habeas Petition is missing a signature page. Consequently, it is unsigned, and, therefore, not properly filed.

## II. FAILURE TO EXHAUST STATE REMEDIES

Under the Antiterrorism and Effective Death Penalty Act of 1986 ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A).[2] That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Furthermore, in order to exhaust his claims, the prisoner must present them to all appropriate state courts, including the highest appellate court established to review such claims. See id.

According to Petitioner, he has filed a direct appeal of the May 8, 2017 judgment, but his appeal is still before the North Carolina Court of Appeals. (Pet. 2, 5.) Because his direct appeal remains pending, Petitioner has not exhausted his state court remedies. He may yet seek discretionary review in the North Carolina Supreme Court if the Court of Appeals issues a decision that is not in his favor. Indeed, he must seek review in the higher court in order to exhaust any claims raised on appeal that he intends to also raise in a federal habeas petition. See O'Sullivan v. Boerckel, 526 U.S. at 845. Accordingly, the instant habeas Petition shall be

---

[2] AEDPA provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(A), (B).

dismissed without prejudice so that Petitioner may exhaust his constitutional claims.

## III. STATUTE OF LIMITATIONS

Petitioner is forewarned that AEDPA provides a statute of limitations for § 2254 petitions filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The statute of limitations period will toll (pause) only while a properly filed post-conviction action is pending in the state courts. See 28 U.S.C. § 2244(d)(1)(2).

## IV. CONCLUSION

The instant habeas Petition is not signed under penalty of perjury, as required by Rule 2(c)(5) of the Rules Governing Section 2254 Cases. Furthermore, Petitioner has not exhausted his state court remedies, as he is required to before seeking habeas relief in the federal courts. See § 2254(b)(1)(A). The Court will dismiss the habeas Petition without prejudice, so that Petitioner may cure the defects listed herein and seek future habeas relief, if he wishes.

**IT IS, THEREFORE, ORDERED** that:

1) The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** without prejudice;

2) Petitioner's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 2) is **GRANTED** solely to allow for dismissal of this action;

3) The Clerk of Court shall substitute Erik A. Hooks for "Mecklenburg County" as Respondent in this action; and

4) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: July 7, 2017

Frank D. Whitney
Chief United States District Judge